1  | **THOMPSON COBURN LLP**
**MITCHELL N. REINIS, CSB 36131**
2  | mreinis@thompsoncoburn.com
**DIANA A. SANDERS, CSB 296689**
3  | dsanders@thompsoncoburn.com
2029 Century Park East, 19th Floor
4  | Los Angeles, California 90067
Tel: 310.282.2500 / Fax: 310.282.2501

5

6  | Attorneys for Plaintiffs, JNCO
HOLDINGS, LLC and JNCO, LLC

7

8  | **UNITED STATES DISTRICT COURT**

9  | **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11 | JNCO HOLDINGS, LLC, a California limited liability company, and JNCO, LLC, a California limited liability company, | **CASE NO.** 2:16-cv-06948 |
| 13 | Plaintiffs, | **COMPLAINT FOR:** |
| 14 | vs. | **(1) Trademark Infringement** |
| 15 | GUOTAI USA CO., LTD., a California corporation, JIANGSU GUOTAI LITIAN ENTERPRISES CO. LTD., a foreign company, ISAAC COHEN, an individual, JOSEPH COHEN, an individual, IC BRANDS, INC., a California corporation, and DOES 1 through 10, inclusive, | **(2) False Designation of Origin** |
| | | **(3) Trademark Dilution** |
| | | **(4) Common Law Trademark Infringement** |
| | | **(5) Unfair Competition** |
| | | **(6) Breach of Contract** |
| | | **(7) Negligence** |
| | | **(8) Declaratory Relief as to License Termination** |
| 20 | Defendants. | **(9) Declaratory Relief to Cancel Mark** |
| | | **(10) Accounting** |
| | | **(11) Fraud** |
| 21 | | |
| 22 | | **DEMAND FOR JURY TRIAL** |

23  | / / /

24  | / / /

25  | / / /

26  | / / /

27  | / / /

28  | / / /

Plaintiffs JNCO Holdings, LLC and JNCO, LLC allege:

## FIRST CLAIM

### (Trademark Infringement Against All Defendants)

### THE PARTIES

1.     Plaintiff, JNCO Holdings, LLC, is a limited liability company duly organized and existing under the laws of the State of California, with its principal place of business in Los Angeles, California.

2.     Plaintiff, JNCO, LLC, is a limited liability company duly organized and existing under the laws of the State of California, with its principal place of business in Los Angeles, California.  Except where specific reference is made to one of them, further references herein to "JNCO" are to both plaintiffs and their predecessors in interest.

3.     JNCO is informed and believes and upon such information and belief alleges that defendant, Guotai USA Co., Ltd. ("Guotai"), is a corporation organized under the laws of the State of California, with its principal place of business in Los Angeles, California.

4.     JNCO is informed and believes and upon such information and belief alleges that defendant, Jiangsu Guotai Litian Enterprises Co., is a Chinese company doing business in California and elsewhere from the Guotai place of business in Los Angeles, California.  Both of said Guotai entities are referred to herein collectively as "Guotai."

5.     JNCO is informed and believes and upon such information and belief alleges that defendants, Isaac Cohen and Joseph Cohen, are individuals domiciled and residing in Los Angeles, California, and are the persons in charge of operating Guotai.

6.     JNCO is informed and believes and upon such information and belief alleges that defendant, IC Brands, Inc. ("IC Brands"), is a corporation organized under the laws of the State of California, with its principal place of business in Los

2

1  Angeles, California.  JNCO is informed and believes and upon such information and

2  belief alleges that IC Brands is owned and operated by defendant, Isaac Cohen.

3        7.      The true names or capacities, whether individual, corporate, associate

4  or otherwise of the defendants sued herein as Does 1 through 10, are unknown to

5  JNCO who, therefore, sues such defendants by fictitious names.  JNCO will ask

6  leave to amend this pleading to allege their true names or capacities when the same

7  have been ascertained.  JNCO is informed and believes and upon such information

8  and belief alleges that the DOE defendants are related entities, representatives, and

9  agents of the named defendants who conspired with and aided and abetted the other

10  defendants to do the things complained of herein.

11                          **JURISDICTION AND VENUE**

12        8.      This action is for, *inter alia*, infringement of JNCO's trademark in

13  violation of the laws of the United States and for related state law violations.  This

14  Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121(a) (trademark

15  actions), 28 U.S.C. § 1331 and § 1338 (federal question), and 28 U.S.C. § 1367(a)

16  (supplemental jurisdiction).  This Court has personal jurisdiction over Defendants in

17  that they purposefully availed themselves of and have done business in this District

18  and the State of California.   Defendants have also done acts having an effect in this

19  State, and have engaged in interstate commerce with citizens of this District.

20        9.      Venue is proper in this District under 28 U.S.C. § 1391(b) in that a

21  substantial part of the events and omissions giving rise to the claims arose in this

22  District, and the injury and damage to JNCO occurred and is continuing to occur in

23  this District.

24                          **BACKGROUND FACTS**

25        10.     JNCO and its predecessors have for many years has been engaged in

26  the fashion business, primarily providing apparel, namely shirts, jeans, pants,

27  trousers, shorts, vests, jackets, and accessories, to retail customers in California,

28  elsewhere in the United States and other countries of the world.

11.     JNCO Holdings, LLC is the owner of the "JNCO" trademark ("Mark") which was registered with the United States Patent and Trademark Office on June 4, 2013, as Registration No. 4,345,678. A copy of the Mark is attached hereto as exhibit A. JNCO has used the Mark for and on its products in various areas of interstate commerce and in foreign commerce since prior to its registration. JNCO owns and holds all right, title and interest in and to the Mark.

12.     The Mark was also registered with the State of California on August 28, 2012, as Registration No. 115014. JNCO Holdings, LLC is also the owner, by assignment, of the California registration of the Mark. A copy of the California registration and recordation of assignment is attached hereto as exhibit B. The Mark has almost always been used on and in relation to JNCO apparel with a crown design above and/or adjacent to the JNCO lettering. JNCO thereby owns a common law design trademark for the use of the Mark with the distinctive crown design. A copy of the said design mark is attached hereto as exhibit C.

13.     The Mark has gained secondary meaning in the minds of the public relating to the fashion and garment industry. Customers and members of the trade identify and associate the Mark with JNCO from the lettering alone as well as when used in connection with the crown design.

14.     JNCO has advertised and devoted substantial resources to develop and establish the goodwill, customer recognition, and worldwide reputation of the Mark, and the Mark, its associated goodwill and customer recognition is a valuable asset of JNCO.

15.     On June 3, 2014, JNCO entered into a written "License Agreement" with Guotai that allowed Guotai to make, use and sell certain items utilizing the Mark on a worldwide basis until December 1, 2017 (the "License"). A true and correct copy of the License is attached hereto as exhibit D.

16.     Under Article VIII of the License, either party had the right to terminate the License in the event of a material breach thereof. Any such

1   termination was to be effective upon thirty (30) days written notice.  In the event of

2   a termination of the License, Guotai  would cease to have any right to use the Mark.

3       17.    Upon entering into the License, defendants began to use and operate

4   the JNCO owned domain name "JNCO.com."  Said website was an active

5   marketplace for sale of JNCO apparel, bearing the Mark and allowing customers to

6   purchase JNCO apparel throughout the world.  JNCO is informed and believes and

7   upon such information and belief alleges that Guotai utilized the website to market

8   its products until after the termination of the License when defendant Joseph Cohen

9   registered the domain name JNCOJEANS.com which defendants continue to use.

10  Said domain names are hereafter referred to herein as the "Website."

11      18.    At all times herein concerned, defendants were aware of  JNCO's use

12  of the crown design as a common law trademark.   On March 31, 2015, without

13  notice to, knowledge of  or consent by JNCO,  IC Brands filed a trademark

14  application with the United States Patent and Trademark Office for the mark "J

15  Crown" which trademark was registered on August 2, 2016, as Registration No.

16  5,014,736.  A copy thereof is attached hereto as exhibit E.

17      19.    The secret adoption and use of "J Crown" as a competing trademark by

18  defendants was inimical to JNCO and its trademark rights.  It was deliberately

19  plagiaristic and designed to confuse customers as to which mark is which, falsely

20  conveying sponsorship by JNCO of "J Crown" and, by offering its J Crown products

21  at a lesser price than JNCO Products, attempting to enhance the "J Crown" mark at

22  the expense of the Mark.

23      20.    As alleged below in paragraphs 57 to 68, which are referred to hereby

24  and incorporated by reference, Guotai's  actions with respect to and in derogation of

25  the Mark constituted material breaches of the License.

26      21.    In accordance with the terms of the License, on May 21, 2015, JNCO

27  terminated the License with Guotai.  Said termination was effective thirty (30) days

28

1  thereafter on June 20, 2015.  A copy of the notice of termination is attached hereto
2  as exhibit F and incorporated herein.

3      22.    Despite the termination of the License, defendants ignored the same
4  and continue to exploit and use the Mark on and in connection with the exploitation
5  of its product line, thereby infringing the Mark.  Further, defendants continue to use
6  and operate the Website on which they offer JNCO labelled products.

7      23.    JNCO is informed and believes and based thereon alleges that
8  customers are likely to consider the products offered by Defendants on the Website
9  as emanating from or being associated with JNCO and are likely to seek the same of
10  Defendants who have no further right to sell or promote the same.

11     24.    JNCO is informed and believes, and based thereon alleges that
12  continued use of the Mark by Defendants has resulted in irreparable damage to
13  JNCO and to JNCO's reputation and goodwill since customers and the trade are
14  likely to be confused about whether JNCO is the source of the products offered by
15  Defendants or that Defendants have been licensed or are otherwise still authorized to
16  use and exploit the Mark when that is not the case.

17     25.    As a direct, proximate and foreseeable result of the wrongful action of
18  Defendants, JNCO has been irreparably injured and damaged, and it continues to
19  suffer damages.  In addition, JNCO is entitled to attorney fees, any gains, profits,
20  and advantages obtained by Defendants as a result of Defendant's willful acts
21  alleged above, as well as statutory damages.  Defendants' unlawful conduct is
22  continuing, and, unless restrained and enjoined, will continue indefinitely.  JNCO's
23  remedy at law is therefore not adequate by itself to compensate JNCO for the harm
24  inflicted and threatened by Defendant, and JNCO is entitled to injunctive relief and
25  such other relief as is available for trademark infringement.

26
27
28

6411263.2

## SECOND CLAIM

**(False Designation of Origin, 15 U.S.C. § 1125(a)(1)(A) Against All Defendants)**

26.   JNCO hereby re-alleges and incorporates herein by reference paragraphs 1 through 25 above as though set forth in full.

27.   As a result of substantial advertising expenditures, careful quality control measures, and extensive marketing, JNCO and its predecessors in interest developed strong customer demand for JNCO products, and the Mark is widely recognized by the trade and the consuming public as indicating JNCO as the source and the origin of JNCO products, resulting in substantial goodwill of great importance and value to JNCO.

28.   The continuing use by Defendants of the Mark, the Website, their private label sales, and the use of the competitive "J Crown" and unauthorized use of "J Crown by JNCO", in connection with Defendants' sale of apparel, constitute willful and deliberate uses of and a false designation of origin and a false description or representation that wrongly and falsely designate the products offered for sale and sold by Defendants as originating from JNCO, falsely suggest there is an association or affiliation between Defendants and JNCO, and constitute false advertising and false description or representation in commerce.

29.   This imitation, copying, and unauthorized use of the Mark cause irreparable injury to JNCO, including injury to the Mark, its goodwill, and JNCO's reputation.

30.   As a direct, proximate and foreseeable result of the wrongful conduct of Defendants, JNCO has been irreparably injured and damaged, and it continues to suffer damages. In addition, JNCO is entitled to attorney fees and any gains, profits, and advantages obtained by Defendants as a result of Defendant's willful acts alleged above, the precise amount to be determined at trial. Defendants' unlawful conduct is continuing, and, unless restrained and enjoined, will continue indefinitely. JNCO's remedy at law is therefore inadequate by itself to compensate

1  JNCO for the harm inflicted and threatened by Defendant, and JNCO is entitled to

2  temporary, interim and permanent injunctive relief.

3  ### THIRD CLAIM

4  **(Trademark Dilution Under State and Federal Law Against All Defendants)**

5      31.    JNCO hereby re-alleges and incorporates by reference paragraphs 1

6  through 30 above as though set forth in full.

7      32.    The Mark is unique, highly distinctive, and famous within the meaning

8  of 15 U.S.C. § 1125(c).

9      33.    Defendants have used and are continuing to use the Mark in interstate

10  commerce, in California and elsewhere without JNCO's consent or permission and

11  after termination of the License.

12      34.    Defendants' use of the Mark is a commercial use that began after the

13  Mark became famous and well known to the public and the trade.

14      35.    Defendants' commercial use of the Mark in commerce causes dilution

15  of the distinctive quality of the Mark and threatens to debase and cheapen it.

16      36.    JNCO is informed and believes and upon such information and belief

17  alleges that Defendants have used and are continuing to use the "J Crown" mark in

18  interstate commerce in California and elsewhere.

19      37.    Defendants' use of the "J Crown" mark causes dilution to the

20  distinctive quality of the Mark and threatens to debase and cheapen it.

21      38.    JNCO is informed and believes and based thereon alleges that

22  Defendants willfully intended to trade on JNCO's reputation and willfully intended

23  to cause dilution of its famous Mark.

24      39.    By reason of the foregoing, Defendants have violated and are

25  continuing to violate 15 U.S.C. § 1125(c) and California Law relative to dilution.

26      40.    Defendants' unauthorized use of the Mark and Defendants' use of the

27  "J Crown" mark cause irreparable injury to JNCO, including injury to its goodwill,

28  business reputation and dilution of the distinctive quality of the Mark.

41.     JNCO is informed and believes and based thereon alleges that Defendants threaten to continue to infringe and dilute the Mark unless restrained and enjoined, and JNCO will continue to be damaged as it has no adequate remedy at law.

42.     JNCO requests that the "J Crown" mark be invalidated and cancelled so as to prevent further likelihood of confusion with, and dilution of, the Mark, as permitted under 15 U.S.C. § 1064.

43.     JNCO is entitled to recover damages from Defendants, including attorney fees, and any gains, profits and advantages obtained by Defendants as a result of Defendants' willful acts causing the dilution alleged above.

## FOURTH CLAIM

### (Common Law Trademark Infringement Against all Defendants)

44.     JNCO hereby re-alleges and incorporates by reference paragraphs 1 through 43 above as though set forth in full.

45.      JNCO owns and enjoys common law trademark rights to the Mark throughout the United States, including the State of California.

46.     Defendants' unlawful acts in appropriating rights in JNCO's common law trademarks were intended to capitalize on JNCO's Mark and goodwill therein for Defendants' benefit and pecuniary gain.  JNCO has expended substantial time, resources and effort to obtain an excellent reputation for its Mark.  As a result of JNCO's efforts, Defendants are now unjustly enriched and are benefitting from property rights that rightfully belong to JNCO.

47.     Defendants' unauthorized use of the Mark has caused and is likely to cause confusion as to the source of Defendants' products, all to the detriment of JNCO.

48.     Defendants' acts are willful, deliberate, and intended to confuse the public and to injure and damage JNCO.

49.     JNCO has been irreparably harmed and will continue to be irreparably harmed as a result of Defendants' unlawful acts unless Defendants are enjoined from their unlawful conduct.

50.     The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on JNCO in reckless disregard of JNCO's rights.  Said conduct was despicable and harmful to JNCO and as such proximately supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants and deter Defendants from similar conduct in the future.

51.     JNCO has no adequate remedy at law.

52.     As a result of the foregoing, JNCO is entitled to injunctive relief prohibiting Defendants from using the Mark and to recover all lost profits and damages that JNCO has sustained and will sustain, plus all gains, profits and advantages obtained by Defendants as a result of their infringing acts, in an amount according to proof.

## FIFTH CLAIM

### (Unfair Competition Against All Defendants)

53.     JNCO hereby re-alleges and incorporates by reference paragraphs 1 through 52 above as though set forth in full.

54.     Defendants' actions alleged above constitute unlawful and unfair business practices in violation of common law and California Business and Professions Code  § 17200 *et seq.*

55.     As a direct, proximate and foreseeable result of Defendants' unlawful and unfair business practices, Defendants have been unjustly enriched at JNCO's expense in an amount not yet ascertained.  Accordingly, JNCO is entitled to obtain damages under common law and an accounting and restitution from Defendants under Section 17200 in an amount to be determined at trial.

56.     As a direct, proximate and foreseeable result of Defendants' unlawful and unfair business practices, JNCO has suffered and will continue to suffer great and irreparable harm, including, but not limited to, harm to its business, reputation, and goodwill.  JNCO is informed and believe that Defendants will continue to further compete unlawfully and unfairly with JNCO unless restrained and enjoined, and JNCO does not have an adequate remedy at law.  Therefore, JNCO is entitled to injunctive relief and restitution to the extent allowable by law.

## SIXTH CLAIM

### (Breach of Contract Against Guotai)

57.     JNCO hereby re-alleges and incorporates herein by reference paragraphs 1 through 25 above as though set forth in full.

58.     Under Article III of the License, JNCO was to be credited and paid a royalty in the amount of 6% of Net Sales (as defined therein).  Implied in that Article, the covenant of good faith and fair dealing and the custom and practice in the industry was the duty to seasonally and accurately account to JNCO for, and to pay or credit to its account any and all royalties earned or due and owing to JNCO.

59.     Pursuant to Article X of the License, Guotai was obligated to "use all commercially reasonable efforts and methods to exploit the [Mark]."

60.     Pursuant to Article XXIV of the License, Guotai had "an obligation to cooperate in the performance of all the obligations [under the License] including . . . the continued exploitation of the [Mark]."  Said Article further provides "This covenant and obligation of cooperation requires either party to refrain from taking action the effect of which is to frustrate the objectives of this [License]."

61.     Pursuant to Articles XXIV and X of the License and its implied obligation of good faith and fair dealing, Guotai had a duty each season to use commercially reasonable efforts to finance, produce, launch, market, advertise, and promote a JNCO product line and exploit the Mark through the product line.

62. Also as implied under the covenant of good faith and fair dealing under both Articles XXIV and X of the License, Guotai owed JNCO a duty each season to design and sell a line of JNCO garments so as to maximize the potential of the Mark for the mutual benefit of the parties to the license, preserve and enhance the value of the Mark and generate royalties for JNCO.

63. Also implied under the covenant of good faith and fair dealing and both Articles XXIV and X of the License, Guotai had the duty to devote talented and qualified personnel, resources and other assets for the seasonal exploitation of the Mark and the duty to use efforts to ensure the proper processing of goods and deliveries to customers.

64. Also implied under the covenant of good faith and fair dealing, Articles XXIV and X of the License, and the custom and practice in the industry was the duty of Guotai to disclose the nature and extent of its activities relating to the Mark to JNCO as its licensor and to obtain JNCO's approval on all material activities affecting the Mark and the exploitation of it.

65. At all times herein concerned, JNCO performed all conditions on its part to be performed under the License or was excused from same.

66. On or before May 21, 2015, and continuing thereafter Guotai breached the express terms of the License as well as the terms implied under the covenant of good faith and fair dealing and the custom and practice in the industry in the following respects:

A. Failing to ever account to JNCO for sales of JNCO related product;

B. Failing to ever give credit for and/or pay any royalties due and owing to JNCO;

C. Taking steps to demean and destroy the Mark;

D. Causing the adoption of and using the J Crown label in competition with the JNCO mark;

D. Using the Mark to enhance its private label business and business done under the competitive J Crown label;

E. Failing to preserve and enhance the value of the Mark;

F. Failing to obtain JNCO approval of activities materially affecting the Mark and the exploitation of it;

G. Failing to "use all commercially reasonable efforts and methods to exploit the [Mark]" to its full advantage;

H. Failing to "cooperate in the performance of all the obligations [under the License] including the continued exploitation of the [Mark]";

I. Failing to devote proper and qualified sales and other personnel, resources and other assets to maximize the exploitation of the Mark for the benefit of the licensor and licensee;

J. Failing to seasonally design and launch a line of fashionable garments for the JNCO brand;

K. Using, promoting and selling the same line of product for the "J Crown" and JNCO marks;

L. Failing to seasonally promote, produce, market, and advertise a line of JNCO product;

M. Failing to seasonally market and sell a line of JNCO product to its traditional customers;

N. Not promptly processing JNCO goods and deliveries to customers and, instead, giving priority to private label sales and other shipments of "J Crown" products;

O. Utilizing and implementing methods designed to debase and compete with the Mark;

P. Attempting to sell to retailers apparel bearing "J Crown by JNCO" so as to falsely convey sponsorship by JNCO of the "J Crown" mark;

Q. Continuing to use the Mark and the Website after termination of the License without authorization;

R. Pricing JNCO product higher than the same or similar J Crown and private label product;

S. Delaying for more than a year after entering into the License, the launch of a line of garments for the JNCO brand or otherwise failing to use commercially reasonable efforts to exploit the Mark;

T. Using false and misleading statements about JNCO in press releases and other references to JNCO;

U. Offering a JNCO "line" consisting of old styles, with insufficient depth, of only a few previously offered styles that were presented haphazardly with no attention to current fashion;

V. Failing to engage a competent design team for the JNCO line;

W. Purporting to issue new JNCO product without researching the market, planning a line, or creating a proper sales strategy; and

X. Using the Mark as a "bait and switch" to enhance and market other products.

67. Guotai's various breaches of the License were material in nature and warranted termination of the License by JNCO.

68. As a proximate result of Guotai's breaches of the License, JNCO has been damaged in an amount to be determined at trial but believed to be in excess of $20,000,000.

## SEVENTH CLAIM

### (Negligence Against All Defendants)

69. JNCO hereby re-alleges and incorporates by reference paragraphs 1 through 68 above as though set forth in full.

70. If the acts and conduct of defendants described above were not intentional, they were negligently carried out in violation of a duty owed to JNCO

6411263.2

14

1   under the License, the covenant of good faith and fair dealing implied in the License

2   and the custom and practice in the industry.

3        71.    As a direct, proximate and foreseeable result of the wrongful actions of

4   defendants, JNCO has been injured and damaged, and it continues to suffer

5   damages. The precise amount thereof is presently unknown to JNCO, and it will

6   amend this pleading when it is determined or according to proof at trial.

7   <center>**EIGHTH CLAIM**</center>

8   <center>**(Declaratory Relief as to Termination of License Against Guotai)**</center>

9        72.    JNCO hereby re-alleges, and incorporates paragraphs 1 through 68

10   above as though set forth in full.

11        73.    An actual controversy has arisen and now exists between JNCO and

12   Guotai concerning their respective rights and duties under the License.

13        74.    JNCO contends that as of June 20, 2015, the License was terminated

14   and any and all of Guotai's rights under the License transferred back to JNCO,

15   including the Website.

16        75.    JNCO is informed and believes and upon such information and belief

17   alleges that Guotai denies JNCO's contention and contends that it has not materially

18   breached the License and that the License was not terminated by JNCO and that it

19   may continue to use the Website.

20        76.    JNCO desires a judicial determination of its rights and duties under the

21   License and as a result of its termination, and requests a declaration that the License

22   has been terminated based on material breach by Guotai and that upon termination

23   of the License, any and all rights of Guotai under the License were terminated and

24   belong to JNCO.

25        77.    A judicial determination is necessary and appropriate under the

26   circumstances in order that the parties may ascertain their rights, duties and

27   obligations with respect to the License.

28

6411263.2

<center>15</center>
<center>**COMPLAINT**</center>

## NINTH CLAIM

**(Declaratory Relief to Cancel the "J Crown" Mark Against All Defendants)**

78.   JNCO hereby re-alleges and incorporates by reference paragraphs 1 through 25 above as though set forth in full.

79.   An actual controversy has arisen and now exists between JNCO and Defendants concerning the Defendants' use and registration of the "J Crown" mark.

80.   As above alleged the License has been materially breached by Guotai. Such conduct has been deliberately plagiaristic, designed to confuse customers as to the source of the Mark, intended to falsely convey sponsorship by JNCO of the "J Crown" mark and to enhance the "J Crown" mark at the expense of the Mark.

81.   Defendants' use of the "J Crown" mark causes irreparable injury to JNCO, including injury to its business reputation and dilution of the distinctive quality of the Mark.

82.   JNCO is informed and believes and based thereon alleges that Defendants are continuing to use the "J Crown" mark in commerce to directly compete with JNCO, which JNCO contends will continue to infringe and dilute the Mark, unless invalidated and cancelled.  Based thereon, JNCO contends that the purported J Crown trademark and the registration thereof in the United States Patent and Trademark Office should be invalidated and cancelled.

83.   JNCO is informed and believes and based thereon alleges that Defendants deny JNCO's position and contend that the "J Crown" mark is valid and not subject to cancellation.

84.   JNCO requests a declaration that the "J Crown" mark is invalid and cancelled so as to prevent further likelihood of confusion with, and dilution of, the Mark, as permitted under 15 U.S.C. § 1064.

85.   A judicial determination is necessary and appropriate under the circumstances in order that the parties may ascertain their rights and duties with respect to their respective trademarks.

## TENTH CLAIM

### (Accounting Against Guotai)

86.   JNCO hereby re-alleges, and incorporates paragraphs 1 through 25 and 57 through 68 above as though set forth in full.

87.   Pursuant to Article III of the License, Guotai owed JNCO a duty to account seasonally to JNCO and credit or pay over royalties as set forth in said Article.

88.   Guotai has failed, since the inception of the License, to render any accounting to JNCO and has failed to credit and pay royalties due to JNCO.

89.   JNCO is informed and believes and upon such information and belief alleges that there exists a balance due from Guotai to JNCO under the License that can only be ascertained by an accounting from Defendants' books and records.

90.   An accounting is necessary to determine the true status of accounts between the parties.

## ELEVENTH CLAIM

### (Fraud Against All Defendants)

91.  JNCO hereby re-alleges and incorporates by reference paragraphs 1 through 90 above as though set forth in full.

92.  In or about May, 2014, Defendants, by and through Isaac Cohen, represented to JNCO and its managers, Haim Revah and Jacob Abikzer, that Guotai was a large and well-financed company that could and would get fully behind the License; provide sufficient funding for the business of the Licensee to expand beyond any volume previously attained by JNCO; hire able and competent staff to design, produce, market, advertise and sell the JNCO line; and JNCO would be credited with and paid substantial royalties such that it would be to JNCO's advantage to enter into the License and turn over its business premises, library of artwork, furniture and furnishings, computer system, and all related physical

1  business assets to Guotai which would immediately get to work producing JNCO

2  product.

3      93.  Said representations were false and known to be false when made by

4  defendants and were made with the intention of deceiving and defrauding JNCO and

5  its managers into actually and justifiably relying on the truth thereof, agreeing to the

6  License, and turning over its business premises to Guotai and giving Guotai its said

7  business assets for a nominal price.

8      94.  The truth was that Guotai and Isaac Cohen had no intention of getting

9  behind the business of JNCO, increasing its volume, or generating sufficient

10  business to pay royalties to JNCO.  Instead, they wanted the License to gain access

11  to the JNCO customer base, reputation and goodwill so that it could use the Mark

12  and JNCO's assets and offices as a "bait and switch" to promote its private label

13  business and the competing J Crown line of apparel.

14     94.  As a direct result of said fraudulent representations JNCO was damaged

15  in a sum presently unknown, but believed to exceed $20,000,000, and JNCO will

16  amend this pleading when said amount is determined or at trial according to proof.

17  JNCO is informed and believes and upon such information and belief alleges that in

18  so defrauding JNCO, defendants acted with malice, and JNCO is entitled to punitive

19  damages.

20                **PRAYER FOR RELIEF**

21     **WHEREFORE**, JNCO respectfully prays that this Court enter judgment in

22  its favor and against Defendants as follows:

23     A.    Granting permanent injunctive relief restraining and enjoining

24  Defendants, their agents, servants, employees, officers, associates, attorneys, and all

25  persons acting by, through, or in concert with any of them, from:

26         (1)   Manufacturing, distributing, advertising, offering for sale, and/or

27  selling any products bearing any simulation, reproduction, counterfeit, copy, or

28  colorable imitation of the Mark, or any other marks confusingly similar thereto;

(2)     Using any simulation, reproduction, counterfeit, copy, or colorable imitation of the Mark in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, circulation or distribution of apparel in such fashion as to relate or connect, or tend to relate or connect, such products in any way to JNCO, or to any goods sold, manufactured, sponsored, or approved by, or connected with JNCO;

(3)     Committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with JNCO;

(4)     Engaging in any other activity constituting unfair competition with JNCO, or constituting an infringement of the Mark;

(5)     Destroying, altering, removing, delivering, holding for sale, returning, transferring, hiding, or otherwise moving, storing or disposing in any manner Defendants' products bearing the Mark, as well as any books or records which may contain any information relating to the manufacture, production, distribution, circulation, sale, marketing, offering for sale, advertisement, promotion, and/or display of the Mark;

(6)     Otherwise infringing JNCO's registered and common law trademarks;

(7)     Aiding, abetting, contributing to, or otherwise assisting anyone in infringement of the Mark; and

(8)     Effecting assignments, licenses  or transfers, forming new entities, or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Paragraphs (A)(1) through (A)(7) above.

B.     Ordering Defendants to deliver for destruction all products bearing the Mark, including apparel and labels, signs, prints, packages, dyes, wrappers,

receptacles, and advertisements relating thereto in its possession, custody, or control or any simulation, reproduction, counterfeit, copy, or colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices, and other means of making same;

C.    Ordering an accounting of royalties, sales and profits;

D.    Ordering Defendants to disgorge their profits;

E.    Declaring the rights of the parties as alleged in the Eighth and Ninth Claims;

F.    Invalidating and cancelling the "J Crown" mark;

G.    Ordering Defendants to transfer the Website to JNCO;

H.    Awarding damages suffered by JNCO as a result of Defendants' acts in the sum of at least $20,000,000;

I.    Awarding all damages, including punitive damages;

J.    Awarding treble damages for trademark infringement and false designation of origin;

K.    Awarding applicable interest, costs, disbursements and any such attorney fees as may be allowable;

L.    Awarding JNCO such other and further relief as the Court deems just and proper.

DATED:  September 15, 2016        **THOMPSON COBURN LLP**

By: _Mitchell Reinis_

**MITCHELL N. REINIS**
Attorneys for Plaintiffs, JNCO
HOLDINGS, LLC and JNCO, LLC

1

## DEMAND FOR JURY TRIAL

2

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, JNCO hereby

3

demands a trial by jury of all claims in this litigation.

4

DATED: ~~August~~ Sept. 15, 2016          **THOMPSON COBURN LLP**

5

6

7

By:

8

**MITCHELL N. REINS**
**DIANA A. SANDERS**

9

Attorneys for Plaintiffs, JNCO

10

HOLDINGS, LLC and JNCO, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28